IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JESSE CRUZEN, a minor, by and through** | ) | |
| **William and Carla Cruzen,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. **03-547-CJP** |
| | ) | |
| **THE SPORTS AUTHORITY,** | ) | |
| **and JOHN DOE,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge**:

Before the Court is defendant The Sports Authority's Motion for Summary Judgment. **(Doc. 18)**. Defendant filed a Memorandum of Law in Support, along with several exhibits. **(Doc. 19)**. Plaintiff filed a Response and exhibits. **(Doc. 33)**. Defendant then filed a Reply. **(Doc. 34)**.

## Plaintiff's Claim

The following facts are taken from the exhibits attached by the parties to their memoranda in support of and in opposition to the motion.

Plaintiff Jesse Cruzen was injured in a Sports Authority store on July 14, 2001. The Complaint alleges that the accident occurred in the store at Fairview Heights, Illinois; Jesse testified that it was in the store in O'Fallon. (Exhibit A, Doc. 21, p. 22). He was 15 years old at the time. (Exhibit A, Doc. 18). He went to the store with his brothers to purchase boxing gloves. (Exhibit A, Doc. 21, p. 26). When he entered the store, he saw a display of pogo sticks. Some of the sticks were out of the boxes, and laying on the floor. (Exhibit A, Doc. 21, p. 29).

1

The floor in that area was tile. (*Id.*). Jess got on the pogo stick, bounced up, and the stick slipped. He fell backwards and hit his right elbow and head. (Exhibit A, Doc. 21, pp. 31-34). His right elbow was fractured. (Exhibit A, Doc. 21, p. 37).

Plaintiff filed copies of portions of the depositions of various Sports Authority employees. The transcripts are incomplete and do not identify the deponent or his/her position with defendant. However, the portions of the transcripts which have been made available to the Court establish that it was the policy of The Sports Authority to generally display the pogo sticks in their boxes, and not loose; if a pogo stick were to be displayed loose, it should have been attached to the display bin with a "zip tie" to prevent a customer from using it. (Exhibit E, Doc. 18, pp. 16, 40; Exhibit F, Doc. 18, pp. 18, 23). The duties of store employees include preventing kids from using equipment in the store, and, if the deponents had seen Jesse using the pogo stick, they would have told him to stop. (Exhibit D, Doc. 18, p. 28; Exhibit E, Doc. 18, pp. 23, 25; Exhibit F, Doc. 18, p. 30).

The box in which the pogo stick came carried various warnings. The warnings included "Never Use It Indoors" and "Wear Protective Equipment Including Helmet, Knee, and Elbow Pads To Prevent Injury." (Exhibit F, Doc. 18, p. 19, 21, 31). The box also stated "Weight Limit 80 lbs. -120 lbs. (Exhibit F, Doc. 18, deposition exhibit 2). Jesse weighed 137 pounds on the day of the accident. (Exhibit A, Doc. 18).

Counts 1 and 3 are directed to The Sports Authority. Count 1 is Jesse's claim for damages for personal injury, and Count 2 is his parents' claim for medical expenses. Counts 2 and 4 are directed to the unnamed manager of the store, and are not the subject of the motion.

The allegations of negligence in Counts 1 and 3 are the same. Plaintiffs allege that The

Sports Authority was negligent in the following respects:

- defendant located the pogo sticks near the front door, creating an attractive nuisance and enticing children to try out the sticks without proper instruction or supervision;

- defendant knew or should have known that children would try out the pogo sticks, but failed to warn of the hazard;

- defendant failed to keep the floor in a condition to prevent slipping;

- defendant failed to post warning signs;

- defendant failed to post signs prohibiting the use of the pogo sticks;

- defendant failed to post signs stating that the use of the sticks was at the customer's risk.

The Sports Authority contends that it is entitled to summary judgment because the doctrine of attractive nuisance has been abolished in Illinois, the danger of falling from the pogo stick was open and obvious, the claims are barred by the Recreational Use of Land and Water Areas Act, and Jesse assumed the risk of being injured by choosing to use the pogo stick inside the store.

## Standard for Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The moving party bears the burden of demonstrating that there is an absence of factual issues and that it is entitled to judgment as a matter of law. *Santaella v. Metropolitan Life Insurance Company*, **123 F.3d 456, 461 (7th Cir. 1997).**

In determining whether a genuine issue of fact exists, the Court must construe the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in favor of that party.  *Anderson v. Liberty Lobby Inc.*, **477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986);** *Ulichny v. Merton Community School District*, **249 F.3d 686, 699 (7th Cir. 2001)**.

Once the moving party has produced evidence to show that it is entitled to summary judgment, the nonmoving party must affirmatively demonstrate that a genuine issue of material fact remains for trial.  *Johnson v. City of Fort Wayne*, **91 F.3d 922, 931 (7th Cir.1996).**  In responding to a summary judgment motion, the nonmoving party may not simply reiterate the allegations contained in the pleadings.  "The object of [Rule 56(e) ] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, **497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990).**  The nonmoving party may not rest on the pleadings, but must establish, by affidavits or otherwise, that there is a genuine issue for trial; the response must set forth specific facts which show that there is a genuine disputed issue.  *Oest v. IDOC*, **240 F.3d 605, 610 (7th Cir. 2001);** *Moore v. J.B. Hunt Transport, Inc.*, **221 F.3d 944, 950 (7th Cir. 2000).**

A genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson*, **477 U.S. at 247, 106 S.Ct. at 2510**, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, **475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986).**  Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, **477 U.S. at 252, 106 S.Ct. at 2512.**  Furthermore, summary judgment is

not barred by the mere existence of some factual dispute.  *Anderson*, **477 U.S. at 248; see also,** ***JPM Inc. v. John Deere Industrial Equipment Company***, **94 F.3d 270, 273 (7th Cir. 1996).** Only disputes as to facts that might affect the outcome of the suit in light of the substantive law are sufficient to defeat summary judgment.  Disputes as to irrelevant or unnecessary facts do not preclude summary judgment.  ***Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992).**

<u>Analysis</u>

The parties agree that the attractive nuisance doctrine has been abolished as an independent basis of liability.  ***Kahn v. James Burton Company*, 5 Ill.2d 614, 126 N.E.2d 836 (Ill. 1955)**.  The Illinois Supreme Court stated "The naming or labeling of a certain set of facts as being an 'attractive nuisance' case or a 'turntable' case has often led to undesirable conclusions.... In certain cases referred to as 'attractive nuisance' cases the courts point out that the infant, because of his immature judgment and inability to appreciate certain conditions, was attracted and allured to certain premises and therefore is no longer a trespasser but is to be regarded as an invitee.... [T]he only proper basis for decision in such cases dealing with personal injuries to children are the customary rules of ordinary negligence cases."  ***Kahn*, 5 Ill.2d at 624.**

Plaintiffs did use the phrase "attractive nuisance" in their Complaint, but the Court regards it as mere surplusage.  The attractive nuisance doctrine was applied in cases where the injured minor was a trespasser or a licensee.  **See,** ***Albers by Albers v. Church of the Nazarene,* 698 F.2d 852, 854 (7th Cir. 1983);** ***Illinois State Trust Co. v. Terminal R. R. Ass'n of St. Louis,* 440 F.2d 497, 500 (7th Cir. 1971).**  Here, Jesse Cruzen was a customer in a retail store, and, therefore, he was an invitee.  He does not need to resort to the attractive nuisance doctrine in order to attain that status.  Whatever the viability of the attractive nuisance doctrine under

Illinois law, it would have no application in this case.  The abolition of the doctrine has no effect.

Defendant argues that it owed no duty to Jesse because the danger of falling from a pogo stick was open and obvious.  Simply characterizing a danger as open and obvious does not lead to a "per se bar to a finding of legal duty on the part of a premises owner or occupier." ***Sollami v. Eaton*, 201 Ill.2d 1, 15, 772 N.E.2d 215, 223 (Ill. 2002)**.  "Attempting to dispose of litigation by merely invoking such relative and imprecise characterizations as 'known' or 'obvious' is certainly no adequate substitute for assessing the scope of the defendant's duty under the circumstances  in accordance with the considerations previously identified by this court." ***Ward v. K mart Corp.*, 136 Ill.2d 132, 147-148, 554 N.E.2d 223, 230 (1990)**.  The considerations identified by the Illinois Supreme Court are the foreseeabiltiy of injury, the likelihood of injury, the magnitude of the burden of  guarding against injury, and the consequences of placing that burden on defendant.  ***Ward* , 136 Ill.2d at 141, 554 N.E.2d at 227.**

Illinois adheres to the rule, as set forth in *Restatement (Second) of Torts §343A*, that "(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.*" ***Ward* , 136 Ill.2d at 149, 554 N.E.2d at 231. [emphasis added by Illinois Supreme Court].**  That the danger is "known" means that the invitee possesses "not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves," and "obvious" means that  "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." *Restatement (Second) of Torts* § 343A comment b, quoted in ***Deibert v. Bauer Bros. Const. Company, Inc.*,**

**141 Ill.2d 430, 435, 566 N.E.2d 239, 241 (Ill.,1990).**

Under the particular circumstances of this case, this Court cannot say as a matter of law that the danger posed by the pogo stick was known and obvious to a boy of Jesse's age. This Court has not found an Illinois case involving a factually similar situation, and the parties have not cited one.

It is true that Illinois court have held that the danger of falling from playground equipment and from falling while jumping on a trampoline are open and obvious. See, ***Sollami v. Eaton*, 201 Ill.2d 1, 15, 772 N.E.2d 215, 223 (Ill. 2002)**; ***Young by Young v. Chicago Housing Authority*, 162 Ill.App.3d 53, 515 N.E.2d 779 (Ill.App. 1 Dist.,1987)**. It is safe to say that, in general, a fifteen year old boy would understand that there is a danger of falling while using a pogo stick. However, this case presents a more complex question.

The pogo stick here had characteristics that were not obvious from the stick itself. The box warned that the stick was never to be used indoors, and that it had a weight limit of 120 pounds, which was less than Jesse's weight. Contrary to defendant's policy, the stick was displayed out of its box, on a tile floor, which could reasonably have been taken by a fifteen year old boy as an invitation to try out the stick in that location. The Court cannot say that a fifteen year old would have appreciated the danger involved in using the stick indoors, by a person who was heavier than the weight limit placed on the stick by the manufacturer.

The Court has also considered the factors identified in ***Ward, supra***. According to the deposition testimony of defendant's employees, defendant anticipates that customers will attempt to use the equipment offered for sale in its store. Defendant takes various measures to prevent this from happening, including posting signs, keeping merchandise in boxes, putting

merchandise out of reach, disabling merchandise, and affixing zip ties to merchandise. Thus, the injury was foreseeable, and the magnitude of the burden of preventing injury was relatively small. The consequences of placing that burden on defendant are also relatively small. In fact, defendant already had procedures in place to prevent an injury to a customer from trying out a product without supervision. The procedures were not followed in this case. The Court finds that defendant is not entitled to summary judgment on the basis of the open and obvious danger doctrine.

Lastly, the Court rejects defendants argument that the Recreational Use of Land and Water Areas Act, **745 ILCS 65/3**, insulates it from liability. That Act provides as follows:

> Except as specifically recognized by or provided in Section 6 of this Act [willful and wanton acts, injured persons paying admission], an owner of land owes no duty of care to keep the premises safe for entry or use by any person for recreational or conservation purposes, or to give any warning of a natural or artificial dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

Defendant suggests that it owes no duty to Jesse because Jesse used the pogo stick for free. Defendant cites no case from Illinois or anywhere else suggesting that such a statute would apply to a customer in a retail store.

"The purpose of this Act is to encourage owners of land to make land and water areas available to the public for recreational or conservation purposes by limiting their liability toward persons entering thereon for such purposes." **745 ILCS 65/1.**

The Sports Authority operates retail stores. It invites the public into its stores for the purpose of shopping, that is, examining items and, hopefully, purchasing them. In the ordinary course of events, shoppers may browse but not purchase anything on a particular trip. Such shoppers do not lose their status as business invitees because they do not purchase anything on a

shopping trip, and defendant's duty does not depend on whether or not a shopper actually makes a purchase. Jesse and his brothers went to defendant's store to buy boxing gloves. The Recreational Use of Land and Water Areas Act does not apply to this situation.

For the foregoing reasons, defendant The Sports Authority's Motion for Summary Judgment **(Doc. 18)** is **DENIED**.

**IT IS SO ORDERED**.

**DATED: May 23, 2005.**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**